It follows that the judgment of the court below must be affirmed, with costs.

Nash & Lentz and L. J. Critchfield, for plaintiff.
Powell, Owen, Ricketts & Black, for defendant.

---

**593**              **GRADE OF STREET.**

[Hamilton Circuit Court, November Term, 1888.]

Smith, Swing and Cox, JJ.

### CHARLES PITTON ET AL. v. CITY OF CINCINNATI.

REASONABLENESS OF GRADE A JURY QUESTION.

What is a reasonable grade established by a city for a street is a question for the jury to determine from all the evidence in the case; and while the fact that it was established by proper authority and competent officers is to be considered, yet it is not conclusive as to the character of the grade.

ERROR to the Court of Common Pleas of Hamilton county.

Cox, J

The plaintiffs in error owned property on the north side of McMillan street, upon which they erected buildings previous to the establishment of any grade for the street. In December, 1886, the city passed an ordinance establishing a grade for that street. Plaintiffs in error filed claims for damages to their improvements by reason of the change of grade, and thereafter the city brought this suit to have an inquiry as to damages. The main inquiry in the case was to ascertain whether the Pittons had erected their buildings with reference to such reasonable grade of the street as might thereafter be made. As to what was such reasonable grade the court charged the jury as follows:

"The expression 'a reasonable grade' has no fixed, definite meaning. It is a relative expression, and it means just this: That the public agent or agents have the authority to establish the grade; if they exercise such care and foresight as persons of ordinary prudence and skill in respect to that question are accustomed to exercise in such cases, then it is a reasonable grade. That is a question you have to inquire of yourselves: What such a reasonable person, having the authority to establish this grade—what would such a person have established? If such a person would not have established this grade, but some other grade, under all the circumstances and facts surrounding at the time, it is an unreasonable grade."

Held: We think this charge was not only erroneous, but calculated to mislead the jury. What was a reasonable grade was a question to be decided by the jury under all the circumstances; and while the grade established by the city authorities was established by proper and competent authority, and was proper

to be considered by the jury, they were not to take it for granted that it was a reasonable grade because these officers established it; and yet this would seem to be the meaning to be attached to the charge of the court.

Judgment reversed, and cause remanded for further proceedings.

Cowan & Ferris and John S. Conner, for plaintiffs in error.
Theo. Horstman, City Solicitor, *contra*.